UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FREEMAN'S 66,          ]
                       ]
   Plaintiff,       ]
                       ]
vs.                    ]    6:12-cv-00099-LSC
                       ]
SCOTTSDALE INSURANCE   ]
COMPANY,               ]
                       ]
   Defendant.       ]

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff Freeman's 66 filed a complaint ("the Complaint") against Scottsdale Insurance Company ("Scottsdale") in the Circuit Court of Marion County, Alabama, on December 19, 2011. In the Complaint, Plaintiff claims Scottsdale is liable for breach of contract and bad faith in connection with Defendant's failure to pay Plaintiff's insurance claim following a vehicle accident that caused damage to business property. Plaintiff does not specify a total amount in controversy or stipulate that it seeks an amount less than $75,000. Freeman's 66 does, however, claim the following injuries and damages: (1) $12,400.00 for replacement of a metal awning on the front of the building; (2) $12,600.00 for replacement of three gas pumps; and (3) punitive

damages.

Scottsdale removed the action to this Court on January 11, 2012, asserting jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Plaintiff filed a motion to remand on February 10, 2012, arguing that removal is improper under § 1332(a) because Defendant cannot show the amount in controversy exceeds $75,000. (Doc. 5.) Plaintiff's motion to remand has been briefed by the parties and is ripe for decision. Upon full consideration, and for the reasons that follow, the Court finds that Plaintiff's motion is due to be granted.

II.   Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v.*

*Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

III.   Discussion.

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because it removed this action, Defendant has the burden of establishing the propriety of diversity subject-matter jurisdiction. *See Wilson*, 257 U.S. at 97.

The parties do not dispute that complete diversity of citizenship exists. The record indicates that Plaintiff is a resident citizen of Alabama, and Defendant is an Ohio corporation with its principal place of business in Arizona. Therefore, the Court must ascertain only whether the amount in controversy requirement is met to determine if it currently has subject-matter jurisdiction in this action.

"Where both actual and punitive damages are recoverable under a complaint each must be considered *to the extent claimed* in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, (1943) (emphasis added); *see also  Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987). Plaintiff claims $25,000.00 in compensatory damages and unspecified

punitive damages.

When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Given the set amount claimed in compensatory damages, Defendant must establish that Plaintiff is claiming punitive damages in excess of $50,000.00. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003).

This Court must "review the propriety of removal on the basis of the removing documents." *Lowery*, 483 F.3d at 1211. "[T]he district court has before it only the limited universe of evidence available when the motion to remand is filed, the notice of removal and accompanying documents." *Id.* at 1214. "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211.

At the time of removal, Defendant cited "3 reported judgments, verdicts, and

settlements in cases involving damage to commercial property followed by a lawsuit against the insurer for breach of contract and bad faith refusal to pay." (Doc. 1 at 6.) Defendant contends that the recoveries in these three cases show that the amount in controversy in this action exceeds $75,000.00. Despite Defendant's claim that the three cases are "factually indistinguishable" (*Id.* at 5), the punitive damages awarded vary greatly. In *Balmen v. State Farm Fire & Casualty Company.*, 1988 WL 365263 (M.D. Ala. 1988), a jury awarded $1.5 million in punitive damages for the insurer's bad faith refusal to pay. In *L&S Investments, Inc. v. General Star Indemnity Co.*, 2002 WL 32832004 (Ala. Cir. Ct. 2002), the jury awarded just $70,000.00 in compensatory *and* punitive damages for breach of contract and bad faith. The court did not report the punitive damages award separately. Moreover, the judge in that case ordered remittitur and reduced the judgment to a total of $45,000.00, excluding interest. Finally, in *Mohan v. Allstate Insurance Co.*, 2010 WL 7702394 (Ala. Cir. Ct. 2010),[1] an Alabama jury awarded a total verdict of $150,000.00 against the insurance company in a case involving claims of breach of contract and bad faith. Again, it is impossible to discern the amount of punitive damages awarded, but the Court notes that the

---

[1]The Court notes that Plaintiff attached a copy of this verdict summary to its brief in support of remand. (Doc. 6-1 at 4.) However, the Court is currently unable to locate the citation "2010 WL 7702394" in the Westlaw database.

plaintiffs sued the insurance company after it tendered a check for building repairs in the amount of $108,827.00. The plaintiffs in *Mohan* argued that their building was a total loss and they were entitled to "policy limits." The compensatory damages at issue, then, clearly exceeded $100,000.00. Given the fact that the insurance company in *Mohan* tendered a check to the plaintiffs, the Court questions whether any punitive damages were awarded.

Defendant has only proven that a plaintiff claiming bad faith *may* recover punitive damages in a range from less than $45,000 to $1.5 million. The question before the Court is not how much the Plaintiff in this case is likely to recover. The question is, what is the amount that has been placed in controversy? Defendant's cited judgments do nothing to answer that question. There is no evidence that the facts in the three cited cases are the same facts in the case currently before this Court. In *Balmen*, 1988 WL 365263, the insurer suggested that property damage was caused by arson. There is no assertion of arson in this case. In *Mohan*, 2010 WL 7702394, the insurer tendered a check for payment under the insurance claim and it was refused by the plaintiffs. The verdict summary also notes that the plaintiffs in *Mohan* refused to comply when asked for documentation of their property claim. There are no such allegations in this case. In *L&S Investements, Inc.*, 2002 WL 32832004, the property

damage at issue was caused by a hurricane.  In this case, the property damage is allegedly caused by a vehicle accident.

"Mere citation to what has happened in the past" does not establish by a preponderance of the evidence that Plaintiff is claiming punitive damages in excess of $50,000.00 in this case.  *Federated Mut. Ins. Co.*, 329 F.3d at 809.  To conclude otherwise would require this Court to engage in the kind of speculation prohibited by *Lowery*.  483 F.3d at 1220.  Defendant has failed to meet its burden of establishing subject matter jurisdiction.  This action must be remanded.

IV.   Conclusion.

The Court concludes that it is without jurisdiction to decide this case. Accordingly, Plaintiff's motion to remand will be granted and this cause will be remanded to the Circuit Court of Marion County, Alabama, from which it was improvidently removed.  A separate order will be entered.

Done this <u>15th</u> day of <u>May 2012</u>.

*[signature]*

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297
